Fabricant, Judith, J.
After hearing, and review of all materials submitted, the Court concludes that genuine disputes of material fact preclude summary judgment. The record, including the deposition testimony of the parties, without regard to the disputed e-mail, provides substantial conflicting evidence with respect to the parties’ agreements regarding the relationships among the various entities and the treatment to be given to debts and credits among them. The factual disputes reflected in that conflicting evidence are material to application of the statute of limitations, as well as to the defendant’s affirmative claims. Accordingly, the motion for summary judgment will be denied.
The motion to strike, insofar as it may affect the treatment of the disputed e-mail at trial, presents a more difficult question. The facts, in brief, are as follows. Kohn’s counsel sent an e-mail to opposing counsel, with a cc to his own co-counsel, and a bcc to Kohn. Kohn responded, using the reply all function, thereby transmitting his response simultaneously to opposing counsel as well as his own. The content of Kohn’s response leaves no room for doubt that he intended his communication for his own counsel only. Twenty-eight minutes later, Kohn’s counsel noticed what had happened, and sent an e-mail to opposing counsel demanding deletion. Opposing counsel declined. Kohn’s counsel did not then seek prompt judicial assistance: only when the e-mail appeared as an exhibit to the opposition to his summaiy judgment motion did he raise the issue by means of the present motion to strike. The record shows that Kohn had made the same error on one previous occasion, some six months earlier; a bcc from counsel to Kohn elicited a reply all, with the result that opposing counsel received a communication from Kohn that Kohn apparently had meant only for his own counsel. The record does not disclose whether Kohn or his counsel became aware of that incident at any time prior to receiving the opposition to the present motion.
The topic of inadvertent disclosure of attorney-client communications has received considerable attention from courts and the organized bar in recent years, as electronic discovery has become increasingly prevalent. Disclosures in that context tend to be made by counsel, rather than the client directly, and generally reflect the challenge of conducting thorough screening of electronic materials while producing voluminous documents. In that context, a consensus seems to be emerging in the case law: a client does not lose the benefit of the attorney-client privilege for an otherwise privileged communication through inadvertent disclosure if the client proves that he and his counsel took reasonable steps to preserve the confidentiality of that particular communication. See McMahon v. Universal Golf Construction Corp., 20 Mass. L. Rptr. 59 *3 (Mass.Super. 2005); Commerce & Industry Ins. Co. v. E.I. Du Pont de Nemours and Company, 12 Mass.L. Rptr. 574 *4 (Mass.Super. 2000), citing In re Reorganization of Electric Mutual Liability Insurance Company, Ltd. (Bermuda), 425 Mass. 419, 421 (1997).
The facts presented here differ from the usual scenario, in that the client himself made the error, facilitated perhaps to some degree by his counsel’s technique of keeping him informed of communications with opposing counsel by means of a bcc. The Court will nevertheless apply the standard cited, which provides appropriate protection for the important values that the attorney-client privilege serves.[1] The question, then, is whether Kohn has shown that he and his counsel took reasonable steps to preserve the confidentiality of the communication.
Some aspects of the facts tend to support Kohn’s position. His transmission of the communication to opposing counsel was obviously unintended. His mistake was of a type that is common and easy to make; indeed, there may be few e-mail users who have not on occasion used the reply all function in a manner they later regretted. Kohn’s counsel noticed the error quickly, and immediately alerted his opponent and demanded deletion.
Other aspects of the facts cut the other way. Kohn’s counsel’s practice of sending him a bcc of e-mails to opposing counsel, with a cc to co-counsel, gave rise to a foreseeable risk that Kohn would respond exactly as he did. In sending his response, Kohn would have to have known what he was responding to, but nevertheless failed to take careful note of the list of addressees to which he directed his reply. Kohn had done the same thing once before, although he may never have known of that error. Finally, his counsel left the matter unresolved until the present motion, despite clear *422 notice that his opponent would not voluntarily refrain from using the accidentally-acquired communication.
The question is close. The attorney-client privilege is tremendously important in our legal system. An excessive readiness on the part of courts to find waiver would tend to erode the privilege. As a matter of courtesy — and in recognition of their own vulnerability — lawyers should avoid the temptation to seize opportunities arising from inadvertent disclosures. On the other hand, a client who seeks to preserve the privilege has a responsibility to be careful, particularly when using a means of communication that poses known and obvious risks. Lawyers should advise clients to be careful, and should avoid practices that exacerbate risks. Here, it appears that both Kohn and his counsel were less vigilant than they might have been.
On balance, and perhaps with some indulgence for human fallibility, the Court finds that Kohn has met his burden of showing that he took reasonable (although not maximum) steps to preserve the confidentiality of the particular communication in issue. The Court will therefore allow the motion to strike, and will preclude further use of the e-mail. Kohn and his counsel should not expect similar indulgence again. They, and others, should take note: Reply all is risky. So is bcc. Further carelessness may compel a finding of waiver.
CONCLUSION AND ORDER
For the reasons stated, the Defendant/Counterclaim Plaintiff/Third-Party Plaintiffs Motion for Partial Summary Judgment is DENIED. Defendant/Counterclaim Plaintiff/Third-Party Plaintiffs Motion to (A) Strike Certain Portions of the Opposition of Plaintiff/counterclaim Defendants and Third-Party Defendant to Motion for Partial Summaiy Judgment and Related Documents, and (B) for Related Relief is ALLOWED. The Court orders that the e-mail that is the subject of the motion is protected by Kohris attorney-client privilege, and is not available for use or dissemination for any purpose in connection with this case.

 In Delta Financial Corporation v. Morrison, 2006 NY Slip Op 52059U, 2006 N.Y. Misc. LEXIS 3115, *6-7 (N.Y. Supr. 2006), a judge of the New York Supreme Court, applying South Carolina law, followed essentially the same standard, although articulating it somewhat differently, to facts similar but not identical to those presented here.